# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GARY LYNN GAINES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No. CIV-05-249-P** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institution in Texarkana, Texas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-02-63-P, is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-02-63-P. The records reflect Petitioner was named in a one-count Indictment filed on August 1, 2002, in the United States District Court for the Eastern District of Oklahoma. The indictment charged Petitioner with Aggravated Sexual Abuse with a Child, in violation of 18 U.S.C. § 2241(c). On September 12, 2002, a motion on behalf of Petitioner was filed

requesting a competency evaluation, which the Court granted. On November 25, 2002, a psychiatric evaluation report was received by the Court and a competency hearing was held on December 10, 2002. On December 11, 2002, the Court found Petitioner competent to stand trial. On December 12, 2002, the Court was notified Petitioner wished to enter a change of plea and the matter was set for hearing. Following a change of plea hearing on December 18, 2002, Petitioner was found guilty. On June 5, 2003, Petitioner was sentenced to 168 months in the Bureau of Prisons. Following release from prison, Petitioner was ordered to serve 60 months on supervised release. Further, Petitioner was ordered to pay a $100 special assessment. The Judgment and Commitment was filed on June 16, 2003.

Following his conviction, Petitioner filed a direct appeal. The sole issue on appeal was whether the district court erred in not reducing Petitioner's offense level by three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b)(2). On February 9, 2004, in an unpublished opinion, Petitioner's conviction was affirmed. *United States v. Gaines*, 87 Fed.Appx. 145 (10th Cir. 2004), *cert. denied,* 124 S.Ct. 2862 (2004).

On June 10, 2005, Petitioner initiated this proceeding by filing a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner now raises the following issues: (1) his plea of guilty was induced by threats and fraudulent actions; (2) his conviction was

2

obtained by coerced confession; (3) ineffective assistance of counsel; and (4) this court lacked jurisdiction.

Petitioner asserts his sentence should be vacated because his guilty plea was not voluntary but rather was "coerced" by counsel who made threats regarding the length of time Petitioner would spend in prison if he went to trial. In this case, however, the change of plea transcript refutes Petitioner's allegations that he was threatened or coerced into pleading guilty. First, Petitioner was asked several times if he had had enough time to consult with counsel (Tr. of Change of Plea Hearing, at pp. 3 - 5) and he indicated he had. While Petitioner asserts counsel threatened him by stating if he went to trial the guidelines would be "done away with and [he] could spend life in prison," the transcript reveals Petitioner indicated he was "surprised"[1] when advised during his change of plea hearing that the maximum statutory punishment was life. See, Tr. at pp. 7 - 9. Further, the transcript reveals, after asking Petitioner a number of questions relating to the Petitioner's constitutional rights, the following colloquy occurred regarding whether anyone had forced or threatened Petitioner to plead guilty:

> THE COURT: Is your plea made voluntarily and completely of your own free choice?
>
> THE DEFENDANT: Yes, sir.

---

[1] While claiming surprise, the record reflects Petitioner had previously been advised in open court that he faced a maximum punishment of life in prison. Tr. of Change of Plea Hearing, at p. 10.

3

> THE COURT: Have you been forced or threatened in any way or promised anything by any person to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> * * * * * *
>
> THE COURT: Has any officer or agent of any branch of the government, federal, state or local, promised, suggested or predicted you will receive a lighter sentence or probation or any other form of leniency if you plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: If they have or anyone has made such a promise, suggestion or prediction, do you understand they don't have the authority to do that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that the sentence you will receive is solely a matter within the control of - - in this case this judge, the sentencing judge, and while the Court assumes you hope to receive leniency, are you prepared to accept any punishment permitted by law which the Court sees fit to impose?
>
> THE DEFENDANT: Yes, sir.

*Id.*, at pp. 18 - 19. Finally, it should be noted that not only did Petitioner have the assistance of appointed counsel in this matter, but the record reflects Petitioner also discussed this matter with a lawyer from Texas who had apparently also advised Petitioner that he should enter a plea in this case. *See*, Tr. of Change of Plea Hearing,

at pp. 4. Therefore, based upon the record in this case, this Court finds Petitioner has failed to establish that his plea was not voluntary.

Next, Petitioner asserts the issue of his medical mental problems were not brought up in court and he was talked into reading false statements. Again, the record does not support these allegations. As indicated previously, on September 12, 2002, defense counsel filed a Motion for Competency Examination. After receipt of the medical report, a competency hearing was held and on December 11, 2002, the Court found Petitioner competent to stand trial. Thereafter, defendant entered a change of plea. The change of plea transcript leaves no doubt in this Court's mind that Petitioner voluntarily and knowingly entered his plea of guilt, Tr. of Change of Plea Hearing at pp. 13 - 22, and that Petitioner was, at the time of his plea, mentally competent. *Id*., at pp. 21 - 22. Further, a presentence report was compiled which indicated the defendant denied ever being hospitalized or treated for any type of mental health or emotional disorders. While Petitioner asserted, at time of sentencing, he had mental problems, the Court offered to allow Petitioner to withdraw his plea of guilty and/or request different counsel. *United States v. Gaines*, 87 Fed.Appx. 145, 146 (10th Cir. 2004). Gaines advised the Court he was satisfied with counsel and did not want to seek withdrawal of his plea. *Id. See also*, Tr. of Sentencing Hearing held on June 5, 2003, at pp. 50-52. Based upon this record, this Court finds there was no

5

confusion in the courtroom concerning Petitioner's mental condition or the voluntariness of his guilty plea. This claim simply lacks merit.

In his third ground for relief, Petitioner asserts he received ineffective assistance of counsel. This claim is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will

be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In support of this claim, Petitioner asserts he told counsel the first time he met with him that he had mental problems which he claims were never brought up; he was never advised he was waiving his right to a jury trial; he was not allowed time to read documents which he signed; defense counsel discussed his case with another inmate;[2] defense counsel advised Petitioner not to bring in parents and friends into the courtroom to speak on his behalf; counsel failed to file for "temperary (sic) insanity;" counsel threatened and coerced Petitioner into changing his plea; counsel did not advise Petitioner he could not "hear from my kids if they wanted to correspond with me;" and was advised incorrectly by defense counsel that, if he plead guilty, he could be out of prison in as little as three years. The record, as indicated previously,

---

[2] Even if Petitioner's allegation that defense counsel discussed this case with another inmate is true, Petitioner has failed to establish how this conversation prejudiced his case.

7

disputes Petitioner's claim that his mental problems were never raised and that he was never advised he was waiving his right to a jury trial. Tr. of Change of Plea Hearing, at pp. 13 and 21 - 22. Further, at the change of plea hearing, this Court took extra time to ensure the defendant had an opportunity to discuss any issues he chose with defense counsel and to ask any questions which he might have about what he was doing. *Id.*, at pp. 3 - 5 and 8 - 10. The record also reflects counsel advised Petitioner that he would be spending somewhere between 9 and 11 years in prison. *Id.*, at pp. 11 - 12. Based upon the record herein, this Court finds Petitioner has failed to establish that his counsel's performance was deficient. Further, to the extent Petitioner faced a statutory maximum penalty of life in prison and a guideline range of 151 to 188 months, but was only sentenced to 168 months, this Court finds Petitioner has failed to establish that he was prejudiced by counsel's performance. Therefore, this claim is denied.

Finally, Petitioner asserts the court lacked jurisdiction because the crime occurred on private property as opposed to federal lands. Again, the record does not support Petitioner's current allegations. At his change of plea hearing, when asked by the Court how he committed the acts in connection with the charges made against him, Petitioner stated the following:

> In June of 2002, in the Chickasaw National Recreation
> Area in Murray County, Eastern District of Oklahoma, I

> knowingly engaged in a sexual act, penetrating a female
> victim genital with my finger. At the time the victim had
> not obtained 12 years of age.

Tr. of Change of Plea Hearing, at p. 23. As a result, Petitioner's conclusory allegations to the contrary, this Court finds by pleading guilty, Petitioner admitted all the well pleaded factual allegations contained within the indictment. *United States v. Hill*, 53 F.3d 1151, 1155 (10th Cir. 1995). Furthermore, Petitioner has not attempted to show cause for failing to address this issue on direct appeal. Issues which could have been raised but were not raised on direct appeal are precluded from review in a § 2255 proceeding.

For the reasons cited herein, Petitioner's motion to vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

IT IS SO ORDERED on this 17th day of April, 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma